IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER HONESTO, | No. C 08-3157 JF (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| J. TILTON, et al., | |
| Defendants. | |

Plaintiff, a California prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis. Plaintiff seeks monetary damages for alleged constitutional violations during the course of his 1987 state court conviction, and his subsequent denial of parole. Plaintiff's claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994).

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such

relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person was acting under the color of state law, and (2) the person committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claim

Plaintiff alleges that defendants, a state court judge, prosecutors, his attorneys, members of the parole board, and various prison officials violated various constitutional rights during the course of his 1987 prosecution and conviction and criminal charges in state court, and his subsequent denial of parole by the California Board of Parole Hearings. Specifically, he alleges that counsel provided him ineffective assistance, that defendants breached his plea agreement, that his sentence was improperly aggravated, and that he was improperly denied parole. Plaintiff seeks a declaratory judgment that his constitutional rights were violated and monetary damages from defendants.

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487.

When a state prisoner seeks damages in a § 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 487. Heck makes it clear that a § 1983 "cause of action for damages

1 attributable to an unconstitutional conviction or sentence does not accrue until the
2 conviction or sentence has been invalidated." Id. at 489-90 (footnote omitted).  In
3 addition, a challenge to the denial of parole, whether based upon procedural defects in the
4 parole hearing or upon allegations that parole was improperly denied on the merits,
5 directly implicates the validity of the prisoner's continued confinement.  See Butterfield v.
6 Bail, 120 F.3d 1023, 1024 (9th Cir. 1997).  Therefore, a claim for damages based on the
7 improper denial of parole is barred by Heck.  See id.

Here, plaintiff's claims that, for example, he received ineffective assistance of counsel, that his plea bargain was breached, that he was improperly sentenced to an aggravated term and that he was improperly denied parole would, if successful, necessarily imply the invalidity of his state court conviction.  As such, plaintiff's claim is barred by Heck.  Plaintiff's complaint is DISMISSED without prejudice to Plaintiff's filing a new complaint if the challenged conviction, sentence and/or parole denial are later invalidated. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by Heck may be dismissed sua sponte without prejudice under 28 U.S.C. § 1915).

## CONCLUSION

Plaintiff's complaint is hereby DISMISSED without prejudice for failure to state a cognizable claim for relief under 42 U.S.C. § 1983.

The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED:  8/21/08

JEREMY FOGEL
United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.JF\CR.08\Honesto3157_dismissal.heck.wpd     3