Peter Honesto, D-55459
CSATF/SP, E2-162
P.O. Box 5242
Corcoran, Calif. 93212

Pro se

FILED
08 AUG 29 PM 2:07
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States Northern District Court of California

Peter Honesto; The Honesto Estate,
        Plaintiffs

v.

J. Tilton, et al. Defendants,
        Defendants.

Case # CV-08-3157(PR)JF

Motion to submit properly declared affidavit/declaration in support of complaint pending.

Plaintiff Peter Honesto, herein submits the attached properly declared affidavit/declaration in support of the complaint pending, the showing required by U.S.C. § 1915(a).

I Peter Honesto, pro se plaintiff declare that the foregoing is correct and true executed 8-26-08, at CSATF/SP, Corcoran, Calif. 93212.

/s/ Peter Honesto
Peter Honesto; The Honesto Estate, Plaintiffs

DECLARATION/AFFIDAVIT

On 3-26-87, my jury trial to charges of First Degree Murder and Special Circumstances ended in a deadlocked jury trial, due to evidence problems with the Peoples case, at which time Deputy District Attorney Tom Farris representing the State of California, (State & Prison Officials), offered to stipulate to fixing the punishment in the Second Degree, dismissing First Degree Murder and Special Circumstances, (aggravating facts of the crime), as an inducement for me to change my plea, waiving all my rights attendant to a retrial and the States burden of proof, for the benefit of less punishment. I accepted the plea through trial counsel Frances Cavagnaro with the reasonable understanding I would not suffer any adverse effects of and pertaining to the dismissed counts, and aggravating facts of the crime, that were not found/proven by a jury 'dismissed'; in exchange for the significant benefit of less punishment by application of good-time conduct credits, providing I positively program due to the dismissed counts, charges, and aggravating facts of the crime, because of evidence problems with the Peoples case in trial.

At the time of the plea change defense counsel advised me the State is bound to the terms of the plea dismissing counts, charges, and aggravating facts of the crime, due to the plea contract.

After the plea bargain/contract hearing Probation Officer E. Kammelarr interviewed me on order by Superior Court Judge J. Komar, without counsel present and without advising me of my right to counsel, at which time I informed the probation officer I did not want to go into the details of the offense or any other facts without counsel present, and that, counsel advised me the punishment was fixed in the Second Degree, due to the plea contract. Despite these facts E. Kammelarr continued to interview me for a long time without counsel present and documented I became ambivalent to answer any questions, when ignoring my request for counsel, at which time E. Kammelarr continued to interrogate me and induced

1.

a statement from me under duress without waiving my right to counsel and without being advised of my right to counsel, rendering/authoring a probation report detailing my induced statement and aggravating facts of the crime she knew were dismissed due to the term/punishment being fixed/stipulated in the Second Degree as part of the plea contract, for the benefit of less punishment, and she knew the aggravating facts of the crime and First Degree Murder were not found/proven by a jury; And she knew her report and my induced statement under duress without counsel would be used/applied during stages of the criminal proceedings, and that P. Silva and G. Vick Probation Report Supervisors approved and authorized the probation report interview without counsel present, knowing I had the right to counsel at the interview, and they knew the probation report, my induced statement under duress without counsel and without being advised of my right to counsel would be used/applied when they approved/authorized it as part of the record, adversely prejudicing me where the facts demonstrate the punishment was fixed/stipulated in the Second Degree by the Prosecutor prior to the probation report interview and the rendered report, as outlined in this Complaint.

After I was incarcerated in the California Department of Corrections, Superior Court Judge J. Komar and Deputy District Attorney T. Farris, knowingly used/applied the probation report and my induced statement under duress without counsel present and without being advised of my right to counsel during the probation report interview to instruct State and Prison Officials (Parole Board Member's), to disregard the plea fixed/stipulated in the Second Degree, and to treat the committed offense as a punishment for First Degree by application of the dismissed/stipulated away counts, charges, aggravating facts of the crime that they knew were not found/proven by a jury, and my induced statement to knowingly deny me the benefit of my plea contract for less punishment, and knowingly acting without jurisdiction and after I went to State Prison without counsel present with acts of malicious and/or dishonest, corrupt intent, and in bad faith to

2.

arbitrarily or capriciously discriminate/retaliate against me committing a species of fraud after I pleaded to a crime and because I would not talk about the details of the crime or any other facts at the time of the plea and sentencing at the advise of counsel due to the plea contract, resulting in me being inflicted with violations protected by Equal Protection, and the Due Process Clause of the 14th Amendment to the United States Constitution; And Jurisdictional Violations where the facts demonstrate I did not have counsel present at all stages of the criminal proceedings and on order by Superior Court Judge J. Komar, when interviewed for a probation report, as outlined in this Complaint.

Subsequent to the above stated facts Trial Counsel advised me I had no grounds to appeal.

At my Initial Parole Hearing Dec.1994 Parole Board Member's T. Giaquinto; C. Bentley; R. Beekman; Governor P. Wilson, and subsequent hearings Feb.1997, Parole Board Member T. Giaquinto, Governor P. Wilson; Jan.2001, Parole Board Member S. Lawin; Governor G. Davis; Warden D. Adams; March 2004, Parole Board Member's K. Risen; F. Vasquez; Governor A. Schwartzenegger; Warden's D. Adams; K. Clark and Director of Corrections J. Tilton, knowingly aggravated facts of the crime that they knew were not found/proven by a jury, detailing and applying facts documented in K. Kammelarrs' probation report, my induced statement, knowing I was under duress, without counsel present and without being advised of my right to counsel at the probation report interview, and they knew the aggravating facts, counts, and charges of the crime were dismissed/stipulated away as part of the plea inducement for the benefit of less punishment because of evidence problems with the Peoples case in trial; And choose to knowingly act with malicious and/or dishonest, corrupt intent, and in bad faith to arbitrarily or capriciously discriminate/retaliate against me committing a species of fraud with punishment in breach/violation of the plea contract, and because I did not talk about the details of the offense or any other facts at the time of the plea or sentencing;

3.

the infliction of violations to Plaintiffs' right protected by the U.S. Constitution; And discriminated/retaliated for and/or after I complained about my health, safety/welfare and liberty, knowing there was an excessive risk to my life when they applied a blanket rule/policy (**Cal. Code of Regs.2402**), that automatically excludes parole for individuals who's crime had a particular type of aggravating factor and to prejudice/discriminate against me when they applied/considered a submitted probation report by E. Kammelarr, P. Silva, and G. Vick, detailing dismissed counts, charges, and aggravating facts of the crime, and my induced statement, therein knowingly choosing to violate my clearly established Constitutional Rights to Equal Protection, protected by the 14th Amendment and the Due Process Clause of the United States Constitution, as outlined in this Complaint.

While my case was pending on Habeas Corpus, Nov.2003, Santa Clara County Conflicts appointed Allen Schwartz, attorney at law, who was deficient/ineffective failing to claim and present facts required on Habeas Corpus for release from unlawful restraint. And on 6-1-06, Santa Clara County Conflicts again appointed A. Schwartz, who again failed to present evidence required on Habeas Corpus and filed to detail submitted evidence demonstrating I was inflicted with **Stolen Justice** in Santa Clara County, See **Ex.G**, an extensive investigation showing how Courts, Prosecutors', and lawyers violate Defendant's Constitutional Rights. On 8-24-07, A. Schwartz informed the Santa Clara County Superior Court on the record of my Complaints to the State Bar about his performance, which included a United States District Court Order **Ex.C**, demonstrating A. Schwartz again knowingly discriminated/retaliated against me because I filed a Complaint against him; failing to present the claim/fact J. Komar; T. Farris; E. Kammelarr; P. Silva; G. Vick; J. Tilton; D. Adams; K. Clark; T. Giaquinto; C. Bentley; R. Beekman; S. Lawin; K. Risen; F. Vasquez; P. Wilson; G. Davis; A. Schwartzenegger; B. Lockyer; E. Brown; J. Blonien; Santa Clara County Conflicts and doe's applied the

4.

aggravating facts of the crime that were not found/proven by a jury dismissed as part of the plea contract to breach/violate the binding contract invalidating the plea contract and to discriminate/retaliate against me because I pleaded to a crime for the benefit of less punishment and because I would not talk about the details of the offense at the time of the plea and sentencing; A. Schwartz also failed to present the claim and facts that my induced statement to the probation officer under duress without counsel present and without being advised of my right to counsel was applied to prejudice/discriminate against me, knowing I did not waive my right to counsel and knowing I had the right to counsel at all stages of the criminal proceedings. Despite these facts the Superior Court failed to remove A. Schwartz from the case, and on Final Order **Ex.H**, failed to address the issues, when documenting the Trial Courts use of my statement to the probation officer under duress without counsel present and without being advised of the right to counsel, and where the facts demonstrate I did not waive my right to counsel at the time of the interview; The Superior Court knowingly inflicted me with a gross miscarriage of justice (**Stolen Justice**), failing to remove A. Schwartz from the case knowing he failed to present the claims enumerated above and failed to present the claim I was inflicted with a species of fraud, and where the facts demonstrate a blanket rule/policy (**Cal.Code of Regs.2402**), was applied to me by State and Prison Officials in violation of my clearly established Constitutional Rights protected by the United States Constitution, as outlined in this Complaint.

    On 8-25-06, Deputy Attorney General J. Blonien admitted J. Komar; T. Farris; State Officials, Parole Board Member's; Prison Officials, D. Adams, K. CLark, and J. Tilton, knowingly aggravated facts of the crime that were dismissed/stipulated away treating the crime/committed offense "as a First Degree case", to keep and house me in prison; And that, J. Blonien knew about the discrimination/retaliation and had the power and authority as Deputy Attorney General to stop the abuse and mistreatment, but elected to act corruptly with

officials Attorney General's B. Lockyer and E. Brown, to knowingly instruct State and Prison Officials to continue the abuse and mistreatment with acts of malicious and/or dishonest, corrupt intent, and in bad faith to arbitrarily or capriciously discriminate and/or retaliate against me, as outlined in this Complaint.

The rules and laws expose the fact the Briggs Initiative Proposition 7 of 1978, **Cal. Penal Code, 3041(a)(b)**, and **Cal.Code of Regs.2402**, authored the intent to keep high profile criminals in prison under prior law and my current law, in prison by aggravating facts of the crime that were not found/proven by a jury, inflicting a more severe punishment than authorized by law, therein authorizing the Parole Board, State Governor's and Prison Officials to foster/implement a blanket rule/policy that denies/excludes parole for individuals who's crime had a particular type of aggravating factor, regardless of any Equal Protection, Due Process, Sixth Amendment, Ex Post Facto or plea contract, where the law in application is uncertain and/or removes reformation of the offender, rehabilitation goals.

The facts of my case demonstrates at many levels of Government, under color of State Law and in violation of my right to counsel and to be advised of my right to counsel; "Defendant'" damaged me because I pleaded to a crime and did not talk about the details of the crime or facts at the time of the plea or sentencing at the advise of counsel, violating my civil rights denying me the benefit of my plea contract for less punishment; Despite these facts State and Prison Officials applied the probation report aggravating facts of the crime not found/proven by a jury, my induced statement to the probation officer without counsel, to treat my crime as a First Degree case, in breach/violation of my plea contract, and the infliction of a species of fraud.

*I Peter Honesto declare, at the time of the plea I was induced to plea to a lesser included offense by deception of the government leading me to believe the dismissed aggravating facts*

6.

Counts, and charges of the crime would NOT be used against me for any purpose including the right to a liberty interest; And that when this breach/violation occurred my trial attorney Frances Cavagnaro advised me the state/government and Parole Board are bound to the plea dismissing the aggravating facts, counts, and charges of the crime as a benefit.

At the time of the Probation Report interview, I was not advised of my right to counsel at the interview, and I did not knowingly, intelligently, voluntary and unequivocally waive my right to counsel at the interview, and I did not state an intention to represent myself; And I was not made aware of the dangers ab and disadvantages of self-representation at the interview; As declared I was not advised of the right to counsel and I did NOT sign a waiver for the right to counsel at the ordered Probation Report interview, so there is no accompanied substantial colloquy on the record required by law to insure a voluntary, knowingly, and intelligent waiver, therein demonstrating I could not appreciate the gravity of electing self-representation.

Despite the above facts and claims presented at many levels of government my well-settled, clearly-established constitutional rights were violated, as demonstrated by the record and by declaration demonstrating facts that show I was interrogated without being advised of the right to counsel, and without waiving my right to counsel when requesting counsel at all stages of the proceedings, and when I was induced to give a statement under duress without counsel.

I Peter Honesto, Plaintiff declare under penalty of perjury that the foregoing is correct and true, executed at CSATF/SP, Corcoran, Calif. 93212.
Dated: 8-26-08

Peter Honesto, Plaintiff, pro se

7.

_Peter Honesto; The Honesto Estate_

v.

_J. Tilton, et al. Defendants_

Case Number: _CV 08-3157 (PR) JF_

PROOF OF SERVICE
BY MAIL

I hereby certify that on _8-26-08_, I served a copy of the attached _Motion to submit properly declared affidavit/declaration in Support of Complaint pending._ by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at _CSATF/SP, Corcoran, Calif. 93212._

(List Name and Address of Each
Defendant or Attorney Served)

_Richard W. Wieking, Clerk of U.S. District
of California.
450 Golden Gate Avenue
San Francisco, Calif.
            94102_

I declare under penalty of perjury that the foregoing is true and correct.

_Peter Honesto pro se Plaintiff_
(Name of Person Completing Service)

LEGAL MAIL

Pedro Honesto D-55459
Corcoran, California
93212

United States District Court of California
Richard W. Wieking, Clerk of U.S. Court
450 Golden Gate Avenue
San Francisco, Calif.
94102

RECEIVED
AUG 2 9 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LEGAL MAIL

